In the Matter of the Assignment of RUDOLPH MARKLIN *et al.* to WILLIAM P. WILDER for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided February, 1883.)

Where an assignee for the benefit of creditors carries on the former business of the assignor, and it does not appear that such continuance was a benefit to the estate, he will not be allowed the expenses thereby incurred.

Payments made by the assignee in such case as wages for work done both before and after the assignment, will not be allowed him without proper vouchers, although made to persons who could not write, and in a business where it was not customary to give or take receipts therefor. Nor can the portions of such payments made on account of preferences in the assignment be allowed, where the amounts paid thereon are not shown in the account.

APPLICATION to confirm the report of a referee upon an accounting by an assignee under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

VAN BRUNT, J.—It is apparent from an examination of the evidence in this case, that the assignee, in conducting the business, did so for the purpose of enabling the assignors to make a compromise with their creditors, rather than because such continuance would be of advantage or benefit to the estate.

There is no evidence in this case that such continuance was an advantage or benefit to the estate. The amounts disbursed for such continuance were greater than the amounts received; consequently, the business was conducted at a loss. What amount of merchandise was consumed in the carrying on of the business, does not appear, and under these circumstances, the assignee must be chargeable with the expenses incurred during the carrying on of such business.

It further appears that no proper vouchers have been fur-

Matter of Johnson.

nished by the assignee for a large number of the payments made by him.

It is claimed that the payments made for wages due both before and after the assignment were made to persons, some of whom could not write, and in the course of business it was not customary to give or take receipts therefor. This is no excuse to the assignee. There is nothing shown upon the account as to what was paid as a preference and what was paid for work done subsequent to the assignment. These items in this state of the account must necessarily be disallowed.

If the assignee thinks that he can furnish competent proof of these items, separating those which are claimed to be on account of the preference contained in the assignment, from those which were made on account of work done subsequent to the assignment, he may have an order referring the case back to the referee for the purpose of taking such proof : the expense of such additional reference, however, to be a personal charge as against the said assignee, and not a charge as against the estate. Unless such reference back is made, the objections to those items of the account for which no sufficient vouchers have been furnished, are sustained, as well as the objection to those items of the account which appear to have been incurred in the continuance of the business.

Order accordingly.